```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE MIDDLE DISTRICT OF GEORGIA
                     COLUMBUS DIVISION
```

| | | |
|---|---|---|
| UNITED STATES, for the use and benefit of HAMBRIC STEEL AND FABRICATION, INC. and HAMBRIC STEEL AND FABRICATION, INC., | * * * | |
| Plaintiffs, | * | CASE NO. 4:21-CV-89 (CDL) |
| vs. | * | |
| LEEBCOR SERVICES, LLC and THE CINCINNATI INSURANCE COMPANY, | * | |
| Defendants. | * | |

## O R D E R

Unlike some motions, not even the most ingenious lawyers could make this one complicated. Defendants contractually agreed to venue and jurisdiction in this Court for an action arising from the performance of that contract in this district. Neither the Miller Act nor the failure to read (before signing) the venue provision in the parties' contract changes that. Accordingly, as explained in the remainder of this Order, Defendants' motions to dismiss for improper venue and lack of personal jurisdiction (ECF Nos. 32 & 33) are denied.

## FACTUAL BACKGROUND

As a subcontractor on a federal construction project at Fort Benning, Georgia, Hambric Steel and Fabrication, Inc. sold structural steel to prime contractor Leebcor Services, LLC. When Leebcor did not fully pay Hambric for the work it performed on the

project, Hambric filed this breach of contract and Miller Act action against Leebcor and its surety, Cincinnati Insurance Company.

The present record establishes that Hambric and Leebcor held protracted negotiations before agreeing to the subcontract for Hambric to provide structural steel for Leebcor's construction project.  During these negotiations, the parties exchanged multiple edited drafts of the subcontract where they often distinguished the changes they made through redlining, strikethroughs, and underlining.  Leebcor's initial drafts stated that disputes would be resolved through a court system of competent jurisdiction and that any actions for enforcement of the agreement shall be resolved in Virginia.  But the final draft executed by the parties changed the "court system" for dispute resolution from "a court system of competent jurisdiction" to "a court system in the state of Georgia" and changed the choice of venue and governing law to Georgia.  Leebcor's Br. in Supp. of Mot. to Dismiss at 5-6, ECF No. 32-1.  Leebcor contends that Hambric made these changes "surreptitiously" and without clearly indicating the edits.  *Id*.  It is undisputed, however, that Hambric's changes were included in the final executed subcontract, which on its face selects Georgia as the proper forum and source of law for any action for enforcement of the subcontract.  Nevertheless, Leebcor and Cincinnati move to dismiss this action for improper venue, arguing

that the parties agreed to litigate this action in Virginia. Leebcor and Cincinnati also contend that the Court lacks personal jurisdiction over them.[1]

### I. Motions to Dismiss for Improper Venue

The Miller Act includes a specific venue provision which provides that an action under the Act "must be brought . . . in the United States District Court for any district in which the contract was to be performed and executed." 40 U.S.C. § 3133(b)(3). The contract here was to be performed in the Middle District of Georgia. Therefore, absent an agreement to the contrary, venue is proper in this Court.

Leebcor contends that the parties agreed to litigate this action in Virginia. Notwithstanding the mandatory language of the Miller Act venue provision (i.e, "must…"), precedent in this Circuit establishes that a forum selection clause can override the Miller Act's venue provision. *See, e.g., In re Fireman's Fund Ins. Cos., Inc.*, 588 F.2d 93, 95 (5th Cir. 1979) (affirming transfer of a Miller Act case to another federal court to enforce a forum selection clause).[2] Hambric responds that the forum

---

[1] Cincinnati also initially moved to dismiss Hambric's Miller Act claims as untimely, but Cincinnati withdrew that argument. Def.'s Notice of Withdrawal, ECF No. 53. Leebcor challenged this Court's subject-matter jurisdiction based on Cincinnati's timeliness claim. Because Cincinnati withdrew that argument, Leebcor's subject-matter jurisdiction challenge fails.

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all

selection clause in the parties' contract actually establishes this district as the proper venue consistent with the Miller Act venue provisions. Leebcor acknowledges that the final draft of the contract it signed includes a forum selection clause designating this forum as the proper one. But it maintains that the agreement should be reformed to reflect Leebcor's preferred venue, Virginia.

Georgia law governs whether to reform the forum selection clause here, as acknowledged by the parties in their briefs and the subcontract on its face. Executed Subcontract ¶ 24, ECF No. 1-1 (selecting the law of Hambric's office, Georgia, to govern and construe the subcontract). Equity may authorize contract reformation based upon a party's unilateral mistake, but only in limited circumstances. *Frame v. Hunter, Maclean, Exley & Dunn, P.C.*, 511 S.E.2d 585, 587 (Ga. Ct. App. 1999). It is clear that if the party seeking reformation had ample opportunity to read and discover changes to a contract, even changes that were not specially highlighted in subsequent drafts, the contract will not be reformed. *See Primary Invs., LLC v. Wee Tender Care III, Inc.*, 746 S.E.2d 823, 828-29 (Ga. Ct. App. 2013) (declining to reform a contract with unhighlighted changes as fraudulent because the party seeking reformation "had ample and repeated opportunity to

---

decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

4

read the draft and discover the change, but did not"); *Carter's Royal Dispos-All v. Caterpillar Fin. Servs., Inc.*, 609 S.E.2d 116, 118-19 (Ga. Ct. App. 2004) (enforcing forum selection clause despite the party's failure to read the contract before signing it); *Frame*, 511 S.E.2d at 587 ("[I]f a party by reasonable diligence could have known the truth, the instrument will not be reformed.").

Leebcor has not pointed to any evidence that it was prevented from reading the revisions to the contract draft related to the forum selection clause. Through the exercise of reasonable diligence, Leebcor certainly could have discovered the change. It possessed the revised draft, had ample time to review it, and chose to sign it. While Hambric may have edited the forum selection clause in a manner different than other revisions made during the negotiation process, nothing prevented Leebcor from reading the final revised draft in its entirety before signing it. Choosing not to do so for the sake of convenience does not excuse it from being bound by the contract that it signed. Moreover, Hambric's failure to affirmatively and specifically highlight the changes for Leebcor does not amount to fraud. The revision was clearly set out in the final draft document and could have been noticed through reasonable diligence. Signing a contract that is different than the one the party thought it had negotiated is not a sufficient basis, standing alone, to reform the fully executed

5

written agreement. Under the circumstances here, Leebcor has no basis under Georgia law for reforming the forum selection clause.[3] *See Mosera v. Davis*, 701 S.E.2d 864, 869 (Ga. Ct. App. 2010) ("[F]ew rules of law [are] more fundamental than that which requires a party to read what he signs and to be bound thereby. This rule has particular force when the party is well educated and laboring under no disabilities." (quoting *Hudson v. Windholz*, 416 S.E.2d 120, 124 (Ga. Ct. App. 1992))). Defendants' motion to dismiss for improper venue is denied.[4]

## II. Motions to Dismiss for Lack of Personal Jurisdiction

In addition to their venue argument, Leebcor and Cincinnati contest personal jurisdiction. Under Georgia law, a nonresident can consent to personal jurisdiction in Georgia if the nonresident enters a contract that contains an enforceable Georgia forum

---

[3] The Court observes that if there was no meeting of the minds as to where this action would be litigated, the Miller Act venue provision would establish venue here.

[4] Defendants' request that this action be stayed pending an appeal of a Virginia state court action is also denied. In that breach of contract action for deficient performance, the Virginia state court dismissed the action because the Subcontract's jurisdiction and venue provisions directed the action to Georgia and there was no basis for reforming the subcontract. Leebcor appealed that dismissal to the Virginia Supreme Court. This Court is not required to defer acting until the Virginia Supreme Court decides that appeal. It is doubtful that this Court is required to give full faith and credit to any state court judgment in this federal action. *See, e.g., U.S. Fid. & Guar. Co. v. Hendry Corp.*, 391 F.2d 13, 18 (5th Cir. 1968) (declining to give full faith and credit to a state court judgment on a Miller Act suit). But even if it were required to defer to a contrary state court ruling, no such judgment presently exists. The only state court judgment regarding this matter dismissed the state court action for improper venue based upon a forum selection clause that designated Georgia as the proper venue.

selection clause. *See, e.g.*, *OFC Cap. v. Colonial Distribs., Inc.*, 648 S.E.2d 140, 142-43 (Ga. Ct. App. 2007) (recognizing forum selection clauses waive personal jurisdiction challenges). As discussed previously, the subcontract executed by Leebcor contains an enforceable forum selection clause selecting Georgia as the proper forum to litigate any disputes arising from the subcontract. Thus, Leebcor consented to personal jurisdiction in Georgia. As the surety for that subcontract, Cincinnati is likely bound by the forum selection clause, too. Moreover, Georgia courts have general personal jurisdiction over defendants like Cincinnati who are registered to do business in Georgia. *Cooper Tire & Rubber Co. v. McCall*, 863 S.E.2d 81, 92 (Ga. 2021). Accordingly, Defendants' motion to dismiss for lack of personal jurisdiction is denied.

## CONCLUSION

For the reasons set forth above, the Court denies Defendants' motions to dismiss (ECF Nos. 32 & 33). If the parties determine that the scheduling order needs to be amended, they shall submit a jointly proposed amended scheduling order within fourteen days of today.

IT IS SO ORDERED, this 4th day of February, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA